**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL         212-763-0883
DIRECT EMAIL        rkaplan@kaplanhecker.com

October 17, 2022

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      *Re:*    *Doe v. Roe*, No. 1:22-cv-08779 (PGG)

Dear Judge Gardephe:

      We represent Plaintiff Jane Doe in the above-captioned case. On Friday, October 14, 2022, Plaintiff Jane Doe filed a Complaint against Defendant John Roe. On Monday, October 17, 2022, Ms. Doe filed a Motion for Leave to Proceed Under a Pseudonym and for a Protective Order (the "Motion"). In connection with that Motion, and consistent with her desire to maintain her anonymity while pursuing claims against Dr. Roe, Ms. Doe filed an Exhibit to that Motion under seal, which is a letter from her treating therapist. Pursuant to Your Honor's Individual Rules of Practice in Civil Cases § II, we respectfully request that Your Honor order Exhibit A to the Motion be filed under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

      The Second Circuit recognizes "[t]he common law right of public access to judicial documents" and "the public and the press['s] . . . 'qualified First Amendment right to . . . access certain judicial documents.'" *Id.* at 119-20 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). It has also articulated a three-step process that courts follow to determine whether documents should be placed under seal. *First*, a court must decide whether the documents constitute "judicial documents" such that a presumption of public access applies. *See id.* at 119. *Second*, if the court determines that the documents at issue constitute "judicial documents," it must then determine the weight of the presumption of access. *Id.* at 121. *Third*, after determining the weight of the presumption of access, the court must balance the competing considerations against it. *Id.* at 120. Countervailing factors "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.*

      Because Exhibit A is relevant to the relief Ms. Doe seeks, *see* Memorandum of Law in Support of the Motion at 9-10 & n.2, it is a judicial document. *Lugosch*, 435 F.3d at 119 (judicial documents are those that are "relevant to the performance of the judicial function and useful in the

KAPLAN HECKER & FINK LLP

2

judicial process"). It also contains highly personal, confidential, and sensitive information regarding Ms. Doe's medical treatment.

Where, as here, documents involve highly sensitive personal information, courts in the Second Circuit have recognized an inherent right to privacy and have permitted documents that implicate that right to be filed under seal. *See United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) ("[T]here is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute."). Indeed, courts in this Circuit routinely file under seal litigants' sensitive medical records. *See, e.g.*, *Robinson v. Clark*, 2017 WL 775813, at *10 (S.D.N.Y. Feb. 27, 2017) (filing submission under seal where documents contained "medical information not appropriate for filing on a public docket"). Moreover, Your Honor's Individual Rules of Practice in Civil Cases § II notes that "medical records [and] treatment and diagnosis" "should be treated with caution and may warrant a motion for approval of sealed or redacted filing."

Thank you for your consideration of this request.

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan