UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                *Plaintiff*,

   v.

JOHN ROE,

               *Defendant*.

Case No. 1:22-cv-08779-PGG-SLC

# SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM AND FOR A PROTECTIVE ORDER

Roberta A. Kaplan
Julie E. Fink
Molly K. Webster
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 937-3734

Jacqueline K. Sahlberg*
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Tel: (212) 763-0883
Fax: (212) 937-3734

*Pro hac vice pending*

*Counsel for Plaintiff Jane Doe*

## TABLE OF CONTENTS

I.   BOTH PARTIES MAY PROCEED PSEUDONYMOUSLY ........................................... 1

II.  SERVICE CAN BE EXECUTED WITHOUT DISCLOSING DEFENDANT'S IDENTITY PUBLICLY OR TO THE COURT .................................................................. 4

Plaintiff Jane Doe, by her undersigned attorneys, respectfully submits this supplemental Memorandum of Law in Further Support of her Motion for Leave to Proceed Under a Pseudonym and for a Protective Order, pursuant to the Court's October 18, 2022 Order, ECF No. 10 ("October 18 Order").  In its October 18 Order, the Court asked that Plaintiff: (1) "expand her motion to provide justification and legal authority as to both parties[']" ability to remain pseudonymous; and (2) "address how she plans to serve Defendant while maintaining his anonymity."  As discussed below, courts in the Second Circuit regularly permit defendants facing allegations similar to those pleaded here to proceed pseudonymously in order to protect both parties.  *Second*, service pursuant to the Hague Convention, which is required here since Defendant resides in Japan, will permit Defendant to remain pseudonymous through service of process.

For additional support, Plaintiff respectfully refers the Court to her Memorandum of Law, ECF No. 5 ("Mem."), the Declaration of Roberta A. Kaplan, ECF No. 7, and Exhibit A, ECF No. 7-1, in Support of her Motion for Leave to Proceed Under a Pseudonym and for a Protective Order, ECF No. 4 ("Motion"), filed October 17, 2022.

I.     **BOTH PARTIES MAY PROCEED PSEUDONYMOUSLY**

Plaintiff takes the position that Defendant should have the same opportunity as she does to proceed anonymously in this litigation.  Mem. at 9.  In fact, in determining whether to grant a plaintiff's motion to proceed pseudonymously, courts in this Circuit often consider whether the plaintiff has agreed to the same protection for her adversary.  *See Doe v. Doe*, No. 20-CV-5329, 2020 WL 6900002, at *4 (E.D.N.Y. Nov. 24, 2020) (granting defendant, like plaintiff, the right to proceed pseudonymously); *cf. Doe v. Smith*, 105 F. Supp. 2d 40, 44 (E.D.N.Y. 1999) (concluding that defendant cannot claim prejudice on the basis on reputational harm because "plaintiff's offer to forego opposition to defendant also proceeding under a pseudonym substantially limits defendant's need to defend himself publicly from public charges"); *Roe v. Does 1-11*, No. 20-CV-

3788, 2020 WL 6152174, at *4 (E.D.N.Y. Oct. 14, 2020) ("[A]llowing Plaintiff to proceed anonymously while Defendants are not granted such protection could cause embarrassment and stigma to Defendants and undermine principles of fundamental fairness.").

With respect to her own desire to remain pseudonymous, publicly disclosing Defendant's name could threaten the revelation of her own identity as well, since their professional and social circles overlap and third parties might be able to identify Plaintiff's identity from her connection to Dr. Roe. Disclosure of Plaintiff's identity, either directly or through revealing Defendant's identity, would further threaten her mental health and exacerbate the trauma she has already experienced. See Mem. at 7-8 (collecting cases holding disclosure could threaten psychological harm); Ex. A (Letter from Plaintiff's Therapist).

Moreover, Plaintiff acknowledges that Defendant may wish to proceed pseudonymously in any event for the same reasons that she does: to avoid public disclosure of the fact that he has herpes and that he engaged in unwanted sexual behavior with another woman while married with children. See *Ipsos MMA, Inc. v. Doe*, No. 21 CIV. 8929, 2022 WL 451510, at *2 (S.D.N.Y. Jan. 25, 2022) (Engelmayer, J.) (applying *Sealed Plaintiff* factors to defendant seeking to proceed pseudonymously); *Doe*, 2020 WL 6900002, at *3 (same); *Doe v. Smith*, No. 19-CV-1121, 2019 WL 6337305, at *3 (N.D.N.Y. Nov. 27, 2019) (granting defendant, who was sued under a pseudonym, right to remain anonymous). Because of the highly sensitive nature of this dispute, the relevant *Sealed Plaintiff* factors similarly weigh in favor of, and few (if any) weigh against, Defendant proceeding under a pseudonym.[1]

---

[1] Plaintiff does not know whether, like her, Defendant would face harm to his mental health from disclosure of his identity. See Mem. at 7-8 (citing psychological harm that would result from disclosure of Plaintiff's identity and referring to letter from therapist affirming same). Nor does Plaintiff know whether Defendant has disclosed this encounter and his sexually transmitted disease to third parties. But because Defendant is a medical doctor and disease expert, it stands to reason that his personal and professional reputation would be harmed by disclosing this information beyond a small circle, thus satisfying the third and seventh *Sealed Plaintiff* factors.

2

*First*, like with Plaintiff, the first *Sealed Plaintiff* factor counsels in favor of allowing Defendant to proceed pseudonymously because "[i]nformation and allegations [about sexual assault] that are highly sensitive and of a personal nature can flow both ways." *Roe*, 2020 WL 6152174, at *4 (citation omitted and collecting cases); *see also* Mem. at 6-7 (collecting cases discussing that sexual assault and sexual history are "among the most intimate parts of one's life, and the public disclosures of such information may subject one to embarrassment and ridicule").

*Second*, under the second *Sealed Plaintiff* factor, disclosure of Defendant's identity could risk mental harm to innocent third parties. Defendant is married with children, and it is unlikely that his family is aware of the facts that gave rise to this dispute. *Roe*, 2020 WL 6152174, at *4 (noting "defendant's . . . spouse and minor child are innocent third parties who would be vulnerable to mental harm if his name is disclosed").

*Third*, the sixth *Sealed Plaintiff* factor similarly counsels in favor of granting pseudonymity for both parties since neither party will suffer any prejudice from proceeding anonymously. As Plaintiff discussed in her original Motion, the parties of course are aware of each other's identities, as well as potential witnesses and sources of discovery. Mem. at 9-11; *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendant[] will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers.").

*Finally*, any public interest in revealing either party's identity does not outweigh the privacy considerations here. With respect to Plaintiff, "[t]here is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs." *Doe v. Rutgers*, No. 18-CV-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019); *see also* Mem. at 12-13. And the "sensitive nature of the

3

lawsuit and limited private nature of . . . litigation" similarly "outweigh the public's interest" here with respect to both parties. *Smith*, 2019 WL 6337305, at *3 (granting pseudonymity for defendant, like plaintiff).

Accordingly this Court, should permit both parties to proceed pseudonymously in this litigation until such time later in the litigation when it may be appropriate to revisit. *See Doe*, 2020 WL 6900002, at *3; *Smith*, 2019 WL 6337305, at *3; *Smith*, 105 F. Supp. 2d at 44.

## II.  SERVICE CAN BE EXECUTED WITHOUT DISCLOSING DEFENDANT'S IDENTITY PUBLICLY OR TO THE COURT

Service of the Complaint may be completed without naming Defendant or providing his address on the summons. The combination of the privacy concerns outlined above, along with unique considerations regarding service of process under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"), makes maintaining Defendant's anonymity on the public-facing summons both necessary and achievable. With pseudonymity on public-facing documents, Defendant's anonymity can be maintained by serving him within a judicial district of the United States or through Japan's Ministry of Foreign Affairs.[2]

Federal courts regularly issue summonses to Defendants facing similar privacy concerns either with the name and address entirely withheld from the Court, or filed under seal or with redactions so that the public does not have access to the Defendant's identity or address. *See* Docket Entry dated 01/15/2016 & ECF No. 4, *Doe v. Doe*, No. 16-CV-0332 (S.D.N.Y. Jan. 15, 2016) (summons issued to John Doe under seal and affidavit of service filed without defendant's name or address); Summons in a Civil Action, ECF No. 2, *Doe v. Smith*, No. 19-CV-1121,

---

[2] Additionally, Defendant could choose to waive formal service of the summons. Fed. R. Civ. P. 4(d).

(N.D.N.Y. Sept. 11, 2019) (summons issued to John Smith with "residential address redacted for confidentiality purposes"); Summons in a Civil Action, ECF No. 3-6, *Doe v. Liberty Univ., Inc.*, No. 22-CV-0021 (W.D. Va. Apr. 27, 2022) (summons issued to "John Doe, Norfolk, VA 23518"); ECF No. 42, *Doe v. Berry Coll., Inc.*, No. 04-CV-3420 (N.D. Ga. Apr. 25, 2005) (sealed docket entry indicating "Summons Issued as to Jane Doe #2, Jane Doe #3").[3]

Here, consistent with these examples, Plaintiff proposes issuing the summons to "Dr. John Roe in Tokyo, Japan," or, alternatively, Plaintiff can file under seal and/or with redactions a summons to either Dr. John Roe, or to Defendant's real name, along with the service address in Tokyo, Japan.

After the summons is issued, service of process is permitted on Defendant within a judicial district of the United States, Fed. R. Civ. P. 4(e), or "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention," *id.* 4(f)(1). The Hague Convention permits a U.S.-based plaintiff to serve a complaint and summons upon a foreign defendant residing in a country that is a signatory—like Japan, where Defendant lives. *See Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D 344, 347 n.5 (S.D.N.Y. 2005) (noting Japan is a signatory to the Hague Convention). The Hague Convention provides for service for defendants residing in Japan through the Ministry of Foreign Affairs.[4] *See* Articles 2-6.

---

[3] These summonses are attached hereto as Appendix A for convenience.

[4] In Japan, there are three methods of service through the Ministry of Foreign Affairs that are permitted: (1) "[t]he Minister of Foreign Affairs refers the document to the competent court of justice. Service is then effectuated either by post (special postal service . . .) or through a marshal;" (2) "[t]he Minister of Foreign Affairs refers the documents sent to it to the competent court clerk," who then "informs the addressee of the documents to be served and the addressee then either presents himself / herself to the court or requests that they be forwarded to him / her;" and (3) when requested, "a marshal will effect service by delivering the document directly to the person after ascertaining that he / she is the addressee." Japan – Central Authority & practical information, HCCH (last visited Oct. 25, 2022), https://www.hcch.net/en/states/authorities/details3/?aid=261. Before documents can be served in Japan, they must be translated into Japanese. *Id.*

5

As a result, because Plaintiff knows Defendant's identity and his address in Tokyo, Plaintiff's counsel can work with a process server specializing in service under the Hague Convention (with whom Plaintiff will have a confidentiality agreement) to serve the complaint, summons, and motion to proceed under a pseudonym through Japan's Ministry of Foreign Affairs. Once service is complete, Plaintiff will file an affidavit of service with this Court and similarly redact Defendant's identifying information. Using these methods, it is entirely possible not to mention appropriate for Plaintiff to "serve Defendant while maintaining his anonymity." October 18 Order.

For the foregoing reasons, as well as the reasons set forth in Plaintiff's original Memorandum, Plaintiff respectfully requests that the Court: (1) grant Plaintiff's motion and allow both parties to proceed pseudonymously; and (2) grant a protective order barring Defendant from publicly disclosing Plaintiff's name.

Dated: October 25, 2022    Respectfully submitted,

/s/ Roberta A. Kaplan

Roberta A. Kaplan
Julie E. Fink
Molly K. Webster
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 937-3734
rkaplan@kaplanhecker.com
jfink@kaplanhecker.com
mwebster@kaplanhecker.com

Jacqueline K. Sahlberg*
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Tel: (212) 763-0883
Fax: (212) 937-3734
jsahlberg@kaplanhecker.com

*Pro hac vice pending*

*Counsel for Plaintiff Jane Doe*

7