**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL  rkaplan@kaplanhecker.com

November 22, 2022

**BY ECF**

The Honorable Paul G. Gardephe
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Jane Doe v. John Roe*, No. 1:22-CV-08779-PGG-SLC

Dear Judge Gardephe:

    We write on behalf of our client, Plaintiff Jane Doe, to clarify an issue regarding our service of Defendant in Japan pursuant to the Hague Convention.

    More specifically, Plaintiff Jane Doe filed her Complaint against Defendant John Roe on October 14, 2022, alleging that Defendant unlawfully transmitted a sexually-transmitted disease to her. ECF No. 1. Plaintiff filed her Complaint pseudonymously to protect against the negative consequences disclosure of her identity would have on her. ECF No. 5. Plaintiff afforded Defendant the same courtesy, in part because disclosure of Defendant's identity would also threaten disclosure of her own identity. *Id.*

    On October 25, 2022, at the Court's request, *see* ECF No. 10, Plaintiff filed a supplemental brief, which further explained why both she and Defendant should be permitted to proceed pseudonymously. ECF No. 13. In that filing, Plaintiff described how she planned to serve Defendant in Japan pursuant to the Hague Convention. *Id.* at 4-6 & n.2. Japan permits the following three methods of service under the Hague Convention:

    (1) "[t]he Minister of Foreign Affairs refers the document to the competent court of justice. Service is then effectuated either by post (special postal service . . .) or through a marshal;"

    (2) "[t]he Minister of Foreign Affairs refers the documents sent to it to the competent court clerk," who then "informs the addressee of the documents to be served and the

**KAPLAN HECKER & FINK LLP**

> addressee then either presents himself / herself to the court or requests that they be forwarded to him / her;" and
>
> (3) when requested, "a marshal will effect service by delivering the document directly to the person after ascertaining that he / she is the addressee."

*Id.* at 5 n.4 (citing Japan – Central Authority & practical information, HCCH (last visited Nov. 21, 2022), https://www.hcch.net/en/states/authorities/details3/?aid=261)).  As a result, in order to serve Defendant in Japan, Plaintiff will need to disclose Defendant's identity to a process server who, in turn, will disclose it to the Japanese Minister of Foreign Affairs.  *Id.* at 6.

In its Order granting Plaintiff's motion to proceed pseudonymously, the Court ordered, among other things, that "Plaintiff and Defendant are each barred from disclosing the other's identity." ECF No. 15.  We fully intend to comply.  But because effectuating service of process on Defendant will require that Plaintiff disclose his name and address to certain officials in Japan, Plaintiff respectfully requests clarification that the Order permits Plaintiff to disclose Defendant's name and address for the sole purpose of effectuating service in Japan pursuant to the Hague Convention.

We appreciate the Court's attention to this matter.

Respectfully submitted,

Roberta A. Kaplan

cc: Julie E. Fink

**MEMO ENDORSED:**  In an October 18, 2022 order, this Court directed Plaintiff to make a submission explaining "how [Plaintiff] plan[ned] to serve Defendant while maintaining his anonymity. . . ."  (Dkt. No. 10)  In response, Plaintiff represented that "Defendant's anonymity [could] be maintained by serving him . . . through Japan's Ministry of Foreign Affairs," because Plaintiff would "work with a process server . . . with whom Plaintiff [would] have a confidentiality agreement [] to serve the complaint, summons, and motion to proceed under a pseudonym. . . ." (Supp. Subm. (Dkt. No. 13) at 6, 8)  Contrary to Plaintiff's prior representation, Plaintiff now states that it will be necessary to disclose Defendant's name and address to effectuate service in Japan pursuant to the Hague Convention.  (Nov. 22, 2022 Pltf. Ltr. (Dkt. No. 20) at 2)  This Court had assumed as much, and for that reason issued the October 18, 2022 order asking how Defendant's anonymity could be maintained for purposes of service.  In any event, Plaintiff may disclose Defendant's identity and address as necessary to effectuate service.

SO ORDERED.

Paul G. Gardephe
United States District Judge
   Dated:  December 2, 2022